**FEN DI CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security, Respondents.**

No. 05–4862–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hamp-

shire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, New Hampshire, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Fen Di Chen, through counsel, petitions for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Gabriel C. Videla denying his applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the instant case, we conclude that the record does not support the IJ's adverse credibility finding. The IJ based his credibility determination primarily on the fact that, although Chen claimed in his asylum application that he fled China because he feared being sterilized, he omitted any mention of his wife's sterilization in the application. But Chen made his original application before the BIA decided *In re C–Y–Z–,* 21 I. & N. Dec. 915, 1997 WL 353222 (B.I.A.1997), which held that forced sterilization of an individual is also an act of past persecution against the individual's spouse. *Id.* at 918–19. At the time Chen applied for asylum, therefore, his wife's sterilization was virtually irrelevant to his own asylum claim. As a result, there was no special reason why he should have mentioned it on his application, and his explanation that he did not think his wife's sterilization was important was, in view of the law at the time, exactly correct. Accordingly, Chen's failure to mention his wife's sterilization on his application does not support the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) ("[W]hen a credibility determination ... is based on flawed reasoning, it will not satisfy the substantial evidence standard." (internal citation omitted)).

The remainder of the purported inconsistencies identified by the IJ, including who paid what proportion of a 10,000 RMB fine and the number of officials who came to Chen's house to arrest him, are either peripheral to the petitioner's claims or trivial. As such, they would not, standing alone, have supported an adverse credibility determination. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) (holding that an adverse credibility determination could not be supported by insignificant and trivial discrepancies); *Secaida–Rosales,* 331 F.3d at 308.

In light of the IJ's errors, we cannot confidently predict that the IJ and the BIA would reach the same decision on remand. *See Li Zu Guan v. INS,* 453 F.3d 129, 137 (2d Cir.2006). We therefore GRANT the petition for review, VACATE the decision of the BIA, and REMAND this case for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.